**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

DELASK PITTMAN,

*Petitioner*,

vs.

RENEE BAKER, *et al.*

*Respondents*.

3:10-cv-00447-RCJ-RAM

ORDER

This habeas matter comes before the Court on petitioner's application (#1) to proceed *in forma pauperis* and for initial review.

The papers presented are subject to multiple deficiencies.

First and foremost, this action is duplicative of petitioner's habeas petition in No. 3:10-cv-00271-ECR-VPC, which currently pending is before the Court for initial review. Indeed, in the present petition, petitioner explicitly seeks to adopt the record in the prior action (as well as a civil rights action discussed below) for, *inter alia*, the supporting financial materials for his pauper application, the full listing of the respondents, and much of the statement of his claims. Petitioner expressly requests that the Court move forward immediately with the prior action.

In short, the present petition represents nothing more than an attempt to expedite initial review of petitioner's prior pending habeas petition in this Court. If petitioner wishes to seek relief as to No. 3:10-cv-00271-ECR-VPC, he must request and pursue such relief in that action. He may not expedite the proceedings in the prior pending action by filing a

second petition in this Court. This action therefore will be dismissed as duplicative of the prior-filed action.

Second, in the same vein, petitioner cannot seek relief as to his prior pending civil rights action in No. 3:10-cv-00262-RCJ-VPC by filing the present habeas petition. Petitioner may not combine a habeas action with a civil rights action, which actions, *inter alia*, are subject to different filing fee requirements and different procedures. Again, if petitioner wishes relief as to No. 3:10-cv-00262-RCJ-VPC, he must both request and pursue such relief in that action.

Third, the application to proceed *in forma pauperis* is incomplete. Petitioner sought to incorporate the financial materials that he filed in the prior two actions. He may not do that. He instead must support the pauper application filed in *each* separate case with new financial materials for *each* case.

Fourth, the petition is neither signed nor verified.

Fifth, petitioner may not proceed against the State of Nevada as a respondent. The state sovereign immunity recognized by the Eleventh Amendment prevents petitioner from proceeding directly against the state in federal court even in a habeas action.

Sixth, the petition filed in this case in any event fails to state a claim upon which relief may be granted. Under Rule 2 of the Rules Governing Section 2254 Cases, a habeas petitioner must allege his claims with specificity. The petitioner must do so within the Court's required petition form, without incorporation of other documents to state the claim. The conclusory and nonsensical allegations of the present petition fail to set forth any factual specifics presenting a viable claim for federal habeas relief.

The duplicative and deficient petition in this matter accordingly will be dismissed without prejudice.

IT THEREFORE IS ORDERED that the application (#1) to proceed *in forma pauperis* is DENIED without prejudice and that this action shall be DISMISSED without prejudice in favor of the prior-filed action.

/ / / /

IT FURTHER IS ORDERED that a certificate of appealability is DENIED, as jurists of reason would not find the dismissal of the present petition without prejudice to be either debatable or wrong.

The Clerk shall enter final judgment accordingly, dismissing this action without prejudice. The Clerk shall send petitioner a copy of his papers from this action.

DATED: This 11th day of August, 2010.

ROBERT C. JONES
United States District Judge